**STATE OF WEST VIRGINIA**

**In Re: P.H.-1, P.H.-2, and H.H.**

**No. 13-0613** (Wood County 11-JA-01, 11-JA-02, and 11-JA-03)

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father filed this appeal, by counsel Ernest M. Douglass, from the Circuit Court of Wood County, which terminated his parental rights to the subject children[1] by order entered on May 13, 2013. The guardian ad litem for the children, James M. Bradley Jr, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, also filed a response in support of the circuit court's order. In response to the guardian ad litem and the DHHR, petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2011, the DHHR filed the abuse and neglect petition that initiated the instant case. The petition alleged incidents of domestic violence at home and discussed petitioner's issues with substance abuse. One of the domestic violence incidents included an episode in 2009 for which petitioner was charged with two counts of battery against his ex-girlfriend's son and another individual, and at which the subject children were present in the home. Petitioner waived his rights to a preliminary hearing and, at adjudication, entered stipulations that (1) there was an episode of domestic violence in the home in the presence of the children, and (2) that petitioner has an alcohol abuse problem that has affected his ability to properly parent and supervise his children. The circuit court granted petitioner a post-adjudicatory improvement period directed with terms and conditions and, in late 2011, it extended petitioner's improvement period. Despite this extension, petitioner did not fully participate with services, maintained minimal contact with the children, and was charged with aggravated DUI (driving under the influence) in January of 2012. Following the dispositional hearing in July of 2012, the circuit court terminated petitioner's parental rights, but allowed visitation with P.H.-1 and P.H.-2. From this termination order, petitioner now appeals.

The Court has previously established the following standard of review:

---

[1] Because two of the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner claims the circuit court erred in three ways: (1) termination was not necessary for the children's welfare because permanency was achieved through their placements with their respective mothers; (2) petitioner substantially completed his improvement period and corrected the conditions that led to the children's neglect; and (3) the circuit court erred by accepting petitioner's stipulation to neglect when the circuit court failed to adequately examine him, pursuant to Rule 26 of the West Virginia Rules for Child Abuse and Neglect Proceedings, to determine if he understood the content and consequences of the stipulation.

Upon our review of the record, we find no error or abuse of discretion by the circuit court regarding the issues raised by petitioner. First, the record supports the circuit court's decision to terminate petitioner's parental rights despite the fact that the children have achieved permanency. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). The children's guardian ad litem asserts that, despite the circuit court's permission for petitioner to visit with P.H.-1 and P.H.-2 after termination, petitioner has not contacted the children in over a year, nor have the children contacted him with a desire for visitation. Our review of the record further provides that, prior to termination, petitioner had not been in contact with the children for over one year. The guardian ad litem's response on appeal provides that the subject children are thriving in their respective mothers' homes. Petitioner has failed to articulate how preserving his parental rights to the children would promote their best interests.

Second, the record supports the circuit court's basis for termination on petitioner's failure to substantially comply with his improvement period. West Virginia Code § 49-6-12(d) provides that, "When any improvement period is granted to a respondent pursuant to the provisions of this section, the respondent [parent] shall be responsible for the initiation and completion of all terms of the improvement period . . . ." Further, West Virginia Code § 49-6-5(b)(3) provides that a respondent parent's failure to follow through with a reasonable family case plan warrants

circumstances in which there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected. After previously extending petitioner's improvement period, the circuit court made clear and thorough findings at disposition that petitioner failed to follow the case plan and that his absence from his children's lives had a negative impact. Petitioner's failure to complete his improvement period was demonstrated by his arrest for aggravated DUI and his failure to attend therapy and Alcoholics Anonymous and Narcotics Anonymous meetings. Our review of the dispositional hearing transcript also reflects that petitioner has not taken full responsibility for his issues, has failed to pay ordered child support, and has failed to complete directed services as part of his improvement period.

Finally, we find no error in the circuit court's acceptance of petitioner's stipulation to neglect at adjudication. Rule 26 of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings outlines the procedure under which a respondent parent must voluntarily enter stipulations to abuse and/or neglect.[2] The record includes copies of petitioner's written stipulation to neglect, the circuit court's adjudicatory order that entered petitioner's stipulation, and a copy of the hearing transcript at which petitioner orally entered his stipulations. All three documents reflect petitioner's comprehension of his stipulation to neglect. For instance, the transcript includes an assertion by petitioner's attorney that he and petitioner discussed petitioner's right to have a full hearing concerning the petition's allegations and that petitioner agreed to stipulate to neglect. The transcript reflects that the circuit court determined petitioner understood the content and consequences of his decision to stipulate to neglect. We find that the circuit court satisfied the requirements of Rule 26.

Having reviewed of the record and the issues petitioner raises on appeal, we find that the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future, and that the termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

---

[2]  Rule 26 provides, in part: "(a) *Required information.* – Any stipulated or uncontested adjudication shall include the following information: (1) Agreed upon facts supporting court involvement regarding the respondent's(s') problems, conduct, or condition; and (2) A statement of respondent's(s') problems or deficiencies to be addressed at the final disposition." Subsection (b) provides the following:

> *Voluntariness of consent.* – Before accepting a stipulated or uncontested adjudication, the court shall determine that the parties understand the content and consequences of the admission or stipulation, the parties voluntarily consent, and that the stipulation or uncontested adjudication meets the purposes of these rules and controlling statute and is in the best interests of the child.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II